**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **APM Disc Holdings LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | <u>35-2392348</u> |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **1010 Travis Street**<br>Number          Street | Number          Street |
| **Suite 900** | P.O. Box |
| **Houston, Texas 77002**<br>City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Harris County**<br>County | Number          Street |
| | City          State     Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | <u>https://ascendmaterials.com/</u> |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **APM Disc Holdings LLC**                                   Case number *(if known)* _____
          Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3252 (Plastics Material and Resin Manufacturing)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check **all** that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☒ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | | Case number |
|---|---|---|---|---|
| _____ | | _____ MM/DD/YYYY | | _____ |
| District _____ | | When _____ MM/DD/YYYY | | Case number _____ |

---

Debtor   __APM Disc Holdings LLC__                              Case number *(if known)*   _____
      Name

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No ☒ Yes. Debtor   __See Rider 1__ | Relationship   __Affiliate__ |
| List all cases. If more than 1, attach a separate list. | District   __Southern District of Texas__ | When   __04/21/2025__ MM / DD / YYYY |
| | Case number, if known   _____ | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard?   _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**   _____
                  Number      Street

                _____
                City          State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency   _____
         Contact name   _____
         Phone   _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **APM Disc Holdings LLC**             Case number *(if known)* _____
            Name

| 15. Estimated assets (on a consolidated basis) | | | | | |
|---|---|---|---|---|---|
| ☐ $0-$50,000 | | ☐ $1,000,001-$10 million | | ☐ $500,000,001-$1 billion | |
| ☐ $50,001-$100,000 | | ☐ $10,000,001-$50 million | | ☒ $1,000,000,001-$10 billion | |
| ☐ $100,001-$500,000 | | ☐ $50,000,001-$100 million | | ☐ $10,000,000,001-$50 billion | |
| ☐ $500,001-$1 million | | ☐ $100,000,001-$500 million | | ☐ More than $50 billion | |

| 16. Estimated liabilities (on a consolidated basis) | | | | | |
|---|---|---|---|---|---|
| ☐ $0-$50,000 | | ☐ $1,000,001-$10 million | | ☐ $500,000,001-$1 billion | |
| ☐ $50,001-$100,000 | | ☐ $10,000,001-$50 million | | ☒ $1,000,000,001-$10 billion | |
| ☐ $100,001-$500,000 | | ☐ $50,000,001-$100 million | | ☐ $10,000,000,001-$50 billion | |
| ☐ $500,001-$1 million | | ☐ $100,000,001-$500 million | | ☐ More than $50 billion | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __04/21/2025__
            MM/ DD / YYYY

✗   __/s/ Robert Del Genio__            Robert Del Genio
    Signature of authorized representative of debtor     Printed name

Title   __Chief Restructuring Officer__

**18. Signature of attorney**

✗   __/s/ Jason G. Cohen__        Date   __04/21/2025__
    Signature of attorney for debtor               MM/DD/YYYY

__Jason G. Cohen__
Printed name

__Bracewell LLP__
Firm name

__711 Louisiana Street, Suite 2300__
Number           Street

__Houston__                __Texas__      __77002__
City                        State        ZIP Code

__(713) 223-2300__             __jason.cohen@bracewell.com__
Contact phone                 Email address

__24050435__               __Texas__
Bar number                State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Ascend Performance Materials Holdings Inc.

- **Ascend Performance Materials Holdings Inc.**
- **APM (Canada) LLC**
- **APM (PR) LLC**
- **APM Disc Holdings LLC**
- **APM Disc Inc.**
- **APM Foreign Holdings LLC**
- **Ascend Performance Materials Consumer Solutions Holdings LLC**
- **Ascend Performance Materials Consumer Solutions LLC**
- **Ascend Performance Materials Inc.**
- **Ascend Performance Materials Operations LLC**
- **Ascend Performance Materials Texas Inc.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| APM DISC HOLDINGS LLC, | ) | Case No. 25-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| SK Titan Holdings LLC | 1515 N Federal Highway, Suite 405, Boca Raton, FL 33432 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APM DISC HOLDINGS LLC, | ) | Case No. 25-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| SK Titan Holdings LLC | 100% |

**Fill in this information to identify the case:**

Debtor name:   **Ascend Performance Materials Holdings Inc., et al.**

United States Bankruptcy Court for the   **Southern District of Texas**
(State)

Case number (*If known*):   _____

☐  Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]**   **12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SDI INC 1414 RADCLIFFE ST STE 300 BRISTOL, PA 19007 | ATTN: CRIS FERREGUR TITLE: SENIOR VICE PRESIDENT OF OPERATIONS PHONE: 215-688-6448 EMAIL: CRIS.FERREGUR@SDI.COM | TRADE DEBTS | | | | $25,136,003.60 |
| 2 | TURNER INDUSTRIES GROUP LLC P.O. BOX 3688 BATON ROUGE, LA 70821 | ATTN: TROY BERGERON TITLE: PRESIDENT PHONE: 225-214-2481 EMAIL: TPBERGERON@TURNER-INDUSTRIES.COM | TRADE DEBTS | | | | $13,477,113.69 |
| 3 | THE DOW CHEMICAL COMPANY 2040 DOW CTR MIDLAND, MI 48674 | ATTN: CAROLINA BARRIOS TITLE: U.S. COMMERCIAL DIRECTOR – OLEFINS, AROMATICS & ALTERNATIVES PHONE: 346-221-0253 EMAIL: CABARRIOS@DOW.COM | TRADE DEBTS | | | | $8,439,022.88 |
| 4 | SOUTHERN TOWING MIDCO LLC 1874 THOMAS ROAD MEMPHIS, TN 38134 | ATTN: MATT MORAN TITLE: VICE PRESIDENT – FINANCE & STRATEGY PHONE: 773-677-9584 EMAIL: M.MORAN@SOUTHERNDEVALL.COM | TRADE DEBTS | | | | $6,822,995.47 |
| 5 | MARATHON PETROLEUM COMPANY LP 539 S. MAIN STREET FINDLAY, OH 45840 | ATTN: MATT POWELL TITLE: SENIOR TRADER – PETROCHEMICALS MARKETING PHONE: 419-421-3193 EMAIL: MCPOWELL@MARATHONPETROLEUM.COM | TRADE DEBTS | | | | $6,006,457.48 |
| 6 | CITGO PETROLEUM CORP 6100 S YALE AVE TULSA, OK 74136 | ATTN: SABRINA TULON TITLE: SENIOR LEGAL COUNSEL PHONE: 281-447-9310 EMAIL: STULON@CITGO.COM | TRADE DEBTS | | | | $5,737,744.02 |
| 7 | REPCON INC P.O. BOX 9316 CORPUS CHRISTI, TX 78469 | ATTN: DAKE STAGNER TITLE: SENIOR BUSINESS DEVELOPMENT MANAGER PHONE: 832-742-2843 EMAIL: DVSTAGNER@REPCON.COM | TRADE DEBTS | | | | $5,372,079.89 |
| 8 | VEOLIA WTS USA INC 3600 HORIZON BLVD FEASTERVILLE TREVOSE, PA 19053 | ATTN: SHIREEN HARVEY TITLE: CPI VERTICAL BUSINESS DEVELOPMENT PHONE: 409-730-9001 EMAIL: SHIREEN.PIRTLE@VEOLIA.COM | TRADE DEBTS | | | | $4,382,069.38 |
| 9 | ALTIVIA PETROCHEMICALS LLC 1100 LOUISIANA ST STE 4800 HOUSTON, TX 77002 | ATTN: PJ BLOCK TITLE: PRESIDENT PHONE: 614-302-6159 EMAIL: PBLOCK@ALTIVIA.COM | TRADE DEBTS | | | | $3,330,028.95 |
| 10 | ROBBIE D. WOOD, INC. 1051 OLD WARRIOR RIVER RD BESSEMER, AL 35023 | ATTN: BO LITTLETON TITLE: GULF COAST SALES MANAGER PHONE: 281-245-9705 EMAIL: BO@ROBBIEDWOOD.COM | TRADE DEBTS | | | | $2,347,678.06 |

[1]   On a consolidated basis.  The information herein shall not constitute an admission of liability by, nor is it binding on, and Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | BASF CORPORATION 1000 CAMPUS DR FLORHAM PARK, NJ 07932 | ATTN: JAY HABAYEB TITLE: BUSINESS DIRECTOR - OLEFINS PHONE: 346-275-8477 EMAIL: JAY.HABAYEB@BASF.COM | TRADE DEBTS | | | | $2,296,067.92 |
| 12 | PALLETONE INC. 113 PIONEER LN SELMA, AL 36701 | ATTN: BRAD GINSBURG TITLE: STRATEGIC ACCOUNT MANAGER PHONE: 836-512-9042 EMAIL: BGINSBURG@PALLETONE.COM | TRADE DEBTS | | | | $2,242,278.32 |
| 13 | SULZER CHEMTECH USA INC P.O. BOX 700480 TULSA, OK 74170 | ATTN: DANIEL BRAUD TITLE: INDUSTRIAL SERVICES BUSINESS LEADER PHONE: 281-441-5241 EMAIL: DANIEL.BRAUD@SULZER.COM | TRADE DEBTS | | | | $2,182,007.52 |
| 14 | INTERNATIONAL PAPER CO 2 MANHATTANVILLE RD PURCHASE, NY 10577 | ATTN: DEREK CURRY TITLE: ORDER TO CASH PROCESS OWNER PHONE: 901-315-2026 EMAIL: DEREK.CURRY@IPAPER.COM | TRADE DEBTS | | | | $2,169,483.21 |
| 15 | TURNER SPECIALTY SERVICES LLC P.O. BOX 2750 BATON ROUGE, LA 70821 | ATTN: TROY BERGERON TITLE: PRESIDENT PHONE: 225-214-2481 EMAIL: TPBERGERON@TURNERINDUSTRIES.COM | TRADE DEBTS | | | | $2,118,403.68 |
| 16 | KINDER MORGAN OPERATING L.P. 1001 LOUISIANA ST HOUSTON, TX 77002 | ATTN: ASHLEY SCHARNBERG TITLE: DIRECTOR – MARKETING & TRANSPORTATION PHONE: 713-420-3228 EMAIL: ASHLEY_SCHARNBERG@KINDERMORGAN.COM | TRADE DEBTS | | | | $2,033,537.73 |
| 17 | IODTECH INC 951 N TOPPING AVE KANSAS CITY, MO 64120 | ATTN: BEN ROGERS TITLE: VICE PRESIDENT OF FINANCE & SALES PHONE: 270-348-1614 EMAIL: BENR@IODTECH.COM | TRADE DEBTS | | | | $2,033,508.48 |
| 18 | CLARIANT CORPORATION 500 E MOREHEAD ST STE 400 CHARLOTTE, NC 28202 | ATTN: XAVER KARSUNKE TITLE: VICE PRESIDENT – SPECIALTIES PHONE: +49 89-5110-621 EMAIL: XAVER.KARSUNKE@CLARIANT.COM | TRADE DEBTS | | | | $1,996,130.36 |
| 19 | MICROSOFT CORPORATION 1 MICROSOFT WAY REDMOND, WA 98052 | ATTN: RACHAEL KITTLESON TITLE: ACCOUNT EXECUTIVE PHONE: 832-419-4193 EMAIL: RACHAEL.KITTLESON@MICROSOFT.COM | TRADE DEBTS | | | | $1,977,908.92 |
| 20 | PROCESS COMBUSTION CORPORATION 300 WEYMAN RD STE 400 PITTSBURGH, PA 15236 | ATTN: SCOTT BURGE TITLE: VICE PRESIDENT – SALES PHONE: 412-655-0955 EMAIL: SBURGE@PCC-GROUP.COM | TRADE DEBTS | | | | $1,915,396.52 |
| 21 | GULF COAST WATER AUTHORITY 3630 FM 1765 TEXAS CITY, TX 77591 | ATTN: KELLY DIETRICH PHONE: 409-935-2438 EMAIL: KDIETRICH@GCWATX.GOV | TRADE DEBTS | | | | $1,866,861.36 |
| 22 | WILLIS TOWERS WATSON INSURANCE 800 N GLEBE RD FL 10 ARLINGTON, VA 22203 | ATTN: TRACEY GABBARD TITLE: SENIOR ASSOCIATE PHONE: 713-331-4722 EMAIL: TRACEY.GABBARD@WTWCO.COM | TRADE DEBTS | | | | $1,854,999.72 |
| 23 | ENTERPRISE PRODUCTS OPERATING LLC 1100 LOUISIANA ST HOUSTON, TX 77002 | ATTN: MATTHEW RUSH TITLE: DIRECTOR – PETROCHEMICALS MARKETING PHONE: 713-381-5236 EMAIL: MKRUSH@EPROD.COM | TRADE DEBTS | | | | $1,795,328.96 |
| 24 | TIVOLI MIDSTREAM CB HOLDINGS LLC 2929 ALLEN PKWY STE 200 HOUSTON, TX 77019 | ATTN: RANCE FROMME TITLE: FOUNDING PARTNER, PRESIDENT & CEO PHONE: 832-787-1099 EMAIL: RFROMME@TIVOLIMIDSTREAM.COM | TRADE DEBTS | | | | $1,650,046.72 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | FREEPORT WELDING & FABRICATING, INC 200 NAVIGATION BLVD FREEPORT, TX 77541 | ATTN: DANIEL YATES TITLE: VICE PRESIDENT OF ENGINEERING PHONE: 979-233-0121 EMAIL: DANNY@FREEWELD.COM | TRADE DEBTS | | | | $1,642,024.91 |
| 26 | INVISTA (CHINA) INVESTMENT CO., LTD. UNIT 1801, ANLIAN PLAZA, NO. 168 JINGZHOU ROAD, YANGPU DISTRICT,200082, SHANGHAI, P.R. CHINA | ATTN: LINDA SHEN TITLE: FINANCE MANAGER PHONE: +86 21-6389-9121 EMAIL: LINDA.SHEN@INVISTA.COM | LIQUIDATED DAMAGES | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 27 | INV NYLON CHEMICALS AMERICAS, LLC 4111 E 37TH ST N WICHITA, KS 67220 | ATTN: NANCY KOWALSKI TITLE: EXECUTIVE VICE PRESIDENT – NYLON INTERMEDIATES PHONE: 316-828-1000 EMAIL: NANCY.KOWALSKI@INVISTA.COM | LIQUIDATED DAMAGES | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 28 | MASTEC POWER CORP. 6446 S. KENTON STREET, SUITE 100 CENTENNIAL, COLORADO 80111 | ATTN: MICHAEL DONMOYER TITLE: EXECUTIVE VICE PRESIDENT PHONE: 303-390-3066 EMAIL: MICHAEL.DONMOYER@MASTEC.COM ATTN: BRETT GROSS TITLE: GENERAL COUNSEL PHONE: 303-390-3087 EMAIL: BRETT.GROSS@MASTEC.COM | LITIGATION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 29 | MHBA CB, LLP CARMODY MACDONALD PC. 120 S. CENTRAL AVE., SUITE 1800 ST. LOUIS, MISSOURI 63105 | ATTN: DAVID M. FEDDER TITLE: PRINCIPAL PHONE: 324-854-8656 EMAIL: DMF@CARMODYMACDONALD.COM | LITIGATION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 30 | BP ENERGY COMPANY 5014 WESTLAKE PARK BLVD HOUSTON, TX 77079 | ATTN: SAM WEAVER PHONE: 251-445-1218 EMAIL: SAMUEL.WEAVER@BP.COM | TRADE DEBTS | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |

Fill in this information to identify the case and this filing:

Debtor Name     **APM Disc Holdings LLC**

United States Bankruptcy Court for the:     **Southern District of Texas**

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>04/21/2025</u>          ☒ */s/ Robert Del Genio*
                 MM/ DD/YYYY          Signature of individual signing on behalf of debtor

                                      **Robert Del Genio**
                                      Printed name

                                      **Chief Restructuring Officer**
                                      Position or relationship to debtor

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## OMNIBUS ACTION BY
## UNANIMOUS WRITTEN CONSENT OF THE
## BOARDS OF DIRECTORS AND THE BOARDS OF MANAGERS

Dated as of April 21, 2025

**WHERAS**, the undersigned, being all of the members of the Boards of Directors or the Boards of Managers (each a "Governing Body"), as applicable, of each of the entities listed on **Schedule I** herein (each a "Company" and collectively, the "Companies"), as Governing Body of such Company hereby take the following actions by unanimous written consent (this "Consent") in lieu of a special meeting in accordance with the bylaws, operating agreements, or limited liability company agreements of each Company (collectively, the "Governing Documents"), as applicable, and the applicable laws of the jurisdiction in which each Company is organized, do hereby approve, consent to, and adopt the following recitals and resolutions, with the same force and effect as if they had been adopted at a duly convened special meeting of each Governing Body;

**WHEREAS**, the Governing Body of each Company has reviewed and considered: (i) the filing of voluntary petitions for relief (the "Bankruptcy Petitions") for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") pursuant to the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized (the "Chapter 11 Filing"); (ii) the debtor-in-possession financing facility contemplated in connection therewith; and (iii) the retention of professionals by each Company;

**WHEREAS**, the Special Committee (each a, "Special Committee," and collectively, the "Special Committees") of Ascend Performance Materials Holdings Inc. ("Holdings") was formed pursuant to that certain Unanimous Written Consent of the Board of Directors dated January 27, 2025 (the "TopCo Special Committee Resolution") and the Special Committees of APM Disc Inc. and each of Holding's subsidiaries and affiliates as signatories to this Consent were formed pursuant to that certain Unanimous Written Consent of the Undersigned Entities dated April 7, 2025 (the "Omnibus Special Committee Resolution," and together with the TopCo Special Committee Resolution, the "Special Committee Resolutions");

**WHEREAS**, pursuant to the Special Committee Resolutions, each Company has delegated to its respective Special Committees (a) the authority to investigate and determine, in the Special Committee's business judgment, whether any matter arising in or related to any restructuring, reorganization, and/or other recapitalization transaction the Company and/or one or more of its subsidiaries and/or affiliates (any such transaction, a "Transaction") constitutes a Conflicts Matter (as defined in the Special Committee Resolutions), and (b) the exclusive authority and power to review, discuss, consider, negotiate, approve, and authorize its respective Company's entry into, and consummation of, a Transaction and to take such other actions with respect thereto as shall be authorized, solely to the extent that all or a portion of the Transaction constitutes a Conflicts Matter;

**WHEREAS**, the Special Committees have had the opportunity to consult with the financial and legal advisors of the Companies and review the chapter 11 preparation materials provided by

the financial and legal advisors, and, to the extent of any Conflict Matter (as defined in the Special Committee Resolutions), the Special Committees recommend the adoption of this Consent and that the Companies take the actions set forth herein; and

**WHEREAS**, each Governing Body has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and has had adequate opportunity to consult with such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the Governing Documents, each Governing Body has determined, in its business judgment, that the following resolutions are advisable and in the best interest of the Companies and hereby adopt the following resolutions:

## 1. <u>CHAPTER 11 FILING</u>

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and maximizes the value of each Company for the benefit of all stakeholders, for each Company to file or cause to be filed the Bankruptcy Petitions under the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**FURTHER RESOLVED**, that in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions; and

**FURTHER RESOLVED**, that any Authorized Signatory, with the power of delegation, is hereby authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Signatories delegate certain responsibilities, be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business.

## 2. <u>DEBTOR-IN-POSSESSION FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION OBLIGATIONS</u>

**WHEREAS**, each of the Companies are party to that certain Third Amended and Restated Credit Agreement dated as of August 27, 2019 (as amended, restated, supplemented or otherwise modified from time to time, the "<u>ABL Credit Agreement</u>"), by and among Ascend Performance Materials Operations LLC, Ascend Performance Materials Inc., Ascend Performance Materials Texas Inc., Ascend Performance Materials European Limited Ascend Performance Materials Holdings Inc., as borrowers, Ascend Performance Materials Holdings Inc. as holdings, the

guarantors from time to time party thereto, the lenders party thereto from time to time, and Wells Fargo Capital Finance, LLC as administrative agent;

**WHEREAS**, each of the Companies are parties to that certain Credit Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "Term Loan Credit Agreement,"), dated as of August 27, 2019, by and among Ascend Performance Materials Operations LLC, as borrower, Ascend Performance Materials Holdings Inc., as holdings and guarantor, the lenders party thereto from time to time, and Wilmington Savings Fund Society, FSB, as administrative and collateral agent;

**WHEREAS**, each of the Companies are parties to that certain super senior priority new-money facility under that certain Super Priority Credit Agreement (as amended, restated, supplement, or otherwise modified from time to time, the "Bridge Credit Agreement" and together with the ABL Credit Agreement and Term Loan Credit Agreement, the "Prepetition Credit Agreements") dated as of March 7, 2025, by and among Ascend Performance Materials Operations LLC, Ascend Performance Materials Holdings Inc., the guarantors from time to time party thereto, the lenders from time to time party thereto, and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent;

**WHEREAS**, reference is made to (i) that certain debtor-in-possession term loan credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented or otherwise modified in writing from time to time, the "Term Loan DIP Credit Agreement") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession financing to be provided to the Companies by the lenders listed therein; and (ii) that certain debtor-in-possession asset-based revolving credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented or otherwise modified in writing from time to time, the "ABL DIP Credit Agreement", and together with the Term Loan DIP Credit Agreement, the "DIP Credit Agreements") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession asset-based revolving credit facility to be provided to the Companies by the lenders listed therein; and

**WHEREAS**, each Governing Body has considered presentations by the Companies' management and advisors of the Companies regarding the liabilities and liquidity situation of the Companies and their affiliates and subsidiaries, the strategic alternatives available to them, and the effect of the foregoing on the Companies' business and has determined, in the business judgment of each Governing Body and based on the recommendation from the Companies' management and advisors, that the following resolutions maximize value of the Companies for the benefit of all stakeholders.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that in the business judgment of each Governing Body, it is desirable and maximizes the value of each Company for the benefit of all of their stakeholders, to obtain the benefits from (i) the incurrence of debtor-in-possession financing obligations by delivering, entering into, and performing under the DIP Credit Agreements (collectively, the "DIP Financing") and (ii) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"),

which is security for the secured parties under the Prepetition Credit Agreements (such holders, the "Prepetition Secured Parties");

**FURTHER RESOLVED**, that for each Company to use and benefit from (i) the DIP Financing and (ii) the Cash Collateral, and in accordance with sections 105, 361, 362, 363, 364(c), 364(d), 364(e), 503, and 507 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Prepetition Secured Parties (collectively, the "Adequate Protection Obligations"), as documented in proposed interim and final orders (collectively, the "DIP Orders") to be submitted to the Bankruptcy Court for approval;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders, the DIP Credit Agreements, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**FURTHER RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur the Adequate Protection Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents, including entering into fee letters with the applicable DIP Agents and paying the fees and expenses of the DIP Lenders (collectively, the "DIP Transactions"), and including granting liens on its assets to secure claims that constitute Adequate Protection Obligations;

**FURTHER RESOLVED**, that the Authorized Signatories of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (i) the DIP Documents; (ii) such other instruments, certificates, notices, assignments, agent fee letters, and documents as may be reasonably requested by the agents; and (iii) such forms of deposit, account control agreements, officer's certificates, compliance certificates, and any other documents as may be required by the DIP Documents;

**FUTHER RESOLVED,** that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and

recordation and any necessary assignments for security or other documents in the name each Company that the agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the agents may reasonably request to perfect the security interests of the agents under the DIP Orders or any of the other DIP Documents; and

**FURTHER RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### 3. **RETENTION OF PROFESSIONALS**

**RESOLVED**, that each of the Authorized Signatories be, and hereby are, authorized, empowered, and directed to employ on behalf of each Company: (i) Kirkland & Ellis LLP and Kirkland & Ellis International LLP as restructuring counsel; (ii) Bracewell LLP as co-bankruptcy counsel; (iii) PJT Partners, Inc. as investment banker; (iv) FTI Consulting, Inc as restructuring advisor; (v) Epiq Corporate Restructuring, LLC as claims and noticing agent; (vi) Deloitte LLP as tax advisor; (vii) Katten Muchin Rosenman LLP as counsel to the Disinterested Directors; and (viii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Signatories deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

### 4. **GENERAL**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates), either individually or as otherwise required by the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, be, and

each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company relating to the foregoing resolutions;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby are, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Signatories in their absolute discretion deem necessary, proper, appropriate, or desirable in connection with chapter 11 cases of each Company and in accordance with the foregoing resolutions.

**FURTHER RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company to take or cause to be taken any such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, retainers, and fees, including but not limited to filing fees, in each case as in such Authorized Signatory's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents, as applicable, of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Company; and

**FURTHER RESOLVED**, that any Authorized Signatory (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*****

**IN WITNESS WHEREOF,** the undersigned, constituting all of the Directors of Ascend Performance Materials Holdings Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above. This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

Barry Siadat

Jamshid Keynejad

Jack Norris

Phil McDivitt

Charlie Piper

Todd Arden

Michael Wartell

**BEING THE BOARD OF DIRECTORS OF ASCEND PERFORMANCE MATERIALS HOLDINGS INC.**

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF**, the undersigned, constituting all of the directors of APM Disc Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

Signed by:

*Jamshid keynejad*
—6175EC38CC4844D...
Jamshid Keynejad

Signed by:

—6023DC0A67FD44C...
Todd Arden

Signed by:

*Charlie Piper*
—EEC65F7851D14A8...
Charlie Piper

Signed by:

*Mike Wartell*
—C306DA74F249483...
Michael Wartell

**BEING THE BOARD OF DIRECTORS OF APM DISC INC.**

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF**, the undersigned, constituting all of the directors or managers, as applicable, of the entities listed on **Schedule I**, do hereby consent to the foregoing actions and resolutions effective as of the date first written above. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

DocuSigned by:

*Phil McDivitt*

Phil McDivitt

Signed by:

Todd Arden

Signed by:

*Charlie Piper*

Charlie Piper

Signed by:

*Mike Wartell*

Michael Wartell

**BEING THE BOARDS OF DIRECTORS OR MANAGERS OF THE ENTITIES LISTED ON SCHEUDLE I**

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

## Schedule I

| Entity | Jurisdiction of Formation |
|---|---|
| APM (Canada) LLC | Delaware |
| APM (PR) LLC | Delaware |
| APM Disc Holdings LLC | Delaware |
| APM Foreign Holdings LLC | Delaware |
| Ascend Performance Materials Consumer Solutions Holdings LLC | Delaware |
| Ascend Performance Materials Consumer Solutions LLC | Delaware |
| Ascend Performance Materials Inc. | Delaware |
| Ascend Performance Materials Operations LLC | Delaware |
| Ascend Performance Materials Texas Inc. | Delaware |